IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TONY EVANS,                        §
                                   §
            Plaintiff,             §
                                   §
V.                                 §        No. 3:18-cv-1104-C-BN
                                   §
FEDERAL BUREAU OF PRISONS, ET.     §
AL.,                               §
                                   §
            Defendants.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* medical malpractice action by a former federal inmate has been

referred to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States

District Judge Sam R. Cummings. The Court has granted Plaintiff Tony Evans leave

to proceed *in forma pauperis* ("IFP"). And, because the face of his complaint reveals

that the claims he asserts are likely time-barred, the undersigned enters these findings

of fact, conclusions of law, and recommendation that the Court should dismiss the

complaint without prejudice to Evans filing, within a reasonable amount of time, an

amended complaint against the United States that includes a plausible claim of

equitable tolling.

**Applicable Background**

Evans alleges that the "FCI Seagoville Medical Staff" and two individual doctors

– a surgeon at Presbyterian Hospital in Dallas and a doctor associated with a

rehabilitation hospital in DeSoto – "are liable for health issues [he] continue[s] to suffer

from in [his] back." Dkt. No. 3 at 3; *see also id*. at 2 (alleging a single cause of action, for "Medical Injury Malpractice").

According to Evans, in 2009, while incarcerated at Seagoville, he began experiencing back pain, which he reported to officials, and, "[o]nce reported, it took approximately four (4) years for [him] to be seen by a doctor." *Id*. at 3. On January 17, 2013, he was transported to Presbyterian, where an operation was "performed on [his] lower back to remove a cyst near the nerve system." *Id*. A second surgery, at a separate hospital, was performed in December of 2013. *See id*. From late December of 2013 through March of 2014, Evans was in a rehabilitation hospital in DeSoto, before being returned to Seagoville. *See id*. On April 28, 2014, he was transferred to FCI – Fort Worth. *See id*. And, based on his current address, it appears that he has been released from federal custody.

Evans, who seeks more than $3 million in damages, *see id*. at 4, filed an administrative tort claim with the Federal Bureau of Prisons ("BOP") that was denied as untimely in November of 2017, *see id*. at 5.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action if it concludes, for example, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). If "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d

254, 256 (5th Cir. 1993)); *see also Meriwether v. ABC Training/Safety Council Tex. Gulf Coast Chapter*, No. 3:15-cv-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) ("Courts 'may raise the defense of limitations *sua sponte*,'" and, "'where "'it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed'" under 28 U.S.C. § 1915(e)(2)(B)." (citations and brackets omitted)), *rec. accepted*, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016).

To the extent that Evans is alleging medical malpractice or negligence against the BOP, a federal agency, or employees of that agency under the Federal Torts Claims Act ("FTCA"), those claims "may be brought against only the United States, and not the agencies or employees of the United States." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). "[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* (citations omitted); *see also Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a federal agency or employees as opposed to the United States itself must be dismissed for want of jurisdiction."); *Nicosia v. Sec'y of Army*, 220 F.3d 585, 2000 WL 959898, at *1 (5th Cir. June 13, 2000) (per curiam) (failure to "name the United States as a defendant ... is fatal to FTCA jurisdiction").

Here, the Court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). Under that

duty, other courts have added the United States as a defendant *sua sponte*, rather than dismiss a *pro se* FTCA suit. *See, e.g.*, *Lewis v. Maye*, No. 13-3050-SAC, 2013 WL 1873252, at *3 (D. Kan. May 3, 2013) ("the court liberally construes this *pro se* complaint by substituting the United States as the only defendant in plaintiff's FTCA claim"); *cf. Sereseroz v. Dep't of VA*, No. 3:14-cv-2723-M, 2014 WL 5297375 (N.D. Tex. Oct. 16, 2014) (liberally construing *pro se* FTCA claim against "United States of America/Dept of VA" "to mean Plaintiff is suing the United States of America and the VA separately").

But, even if the United States is added as a defendant, the claims that Evans brings likely are barred under the applicable statute of limitations.

Under the FTCA's statute of limitations, "a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim," *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)). And, even if the Court liberally construes the facts alleged in the complaint to find that Evans's tort claims did not accrue until April 28, 2014, the date he was transferred from Seagoville, those claims were not presented to the BOP within two years from that date. *See* Dkt. No. 3 at 5 ("Your claim was received by the [BOP] on November 3, 2017.").

The statute of limitations, however, is "non-jurisdictional and subject to equitable tolling." *Wong*, 135 S. Ct. at 1638. Even so, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." (citation omitted)).

Even if screening his complaint affords Evans a lenient construction of his claims, he fails therein to mention equitable tolling or hint that the concept applies by alleging facts from which the Court may infer that "some extraordinary circumstance stood in his way and prevented" the timely presentment of his tort claims to the BOP. *Cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

But, given Evans's *pro se* status, and out of an abundance of caution, while his complaint should be dismissed as untimely and therefore frivolous, the Court should grant him leave to file an amended complaint against the United States that includes a plausible claim for equitable tolling.

## Recommendation

The Court should dismiss this action as time-barred without prejudice to Plaintiff Tony Evans filing, within a reasonable amount of time to be set by the Court, an amended complaint against the United States that includes a plausible claim for equitable tolling.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE